UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

VANESSA KUTZLEB
713 Lake Street
Antioch, Illinois 60002

       Plaintiff,                             Case No: 20-cv-1841

       v.                                  **JURY TRIAL DEMANDED**

APEO, LLC
d/b/a ASPEN DENTAL
281 Sanders Creek Parkway
East Syracuse, New York 13057

       Defendant

## COMPLAINT

COMES NOW Plaintiff, Vanessa Kutzleb, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

3. Plaintiff, Vanessa Kutzleb, is an adult female resident of the State of Illinois with an address of 713 Lake Street, Antioch, Illinois 60002.

4. Defendant, APEO, LLC d/b/a Aspen Dental, is a New York corporation with a principal place of business of 281 Sanders Creek Parkway, East Syracuse, New York 13057.

5. Defendant is an Aspen Dental franchise and/or "branded practice."

6. Defendant is a covered employer for purposes of the FMLA.

7. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

8. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's Lake Geneva, Wisconsin location.

9. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

10. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

11. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

12. Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

**GENERAL ALLEGATIONS**

13. In approximately October 2018, Defendant hired Plaintiff as a Patient Service Representative and Dental Assistant at its Lake Geneva, Wisconsin location.

14. From approximately September 25, 2020 to October 5, 2020, Plaintiff was absent from work at Defendant because of her own serious health condition.

15. From approximately September 25, 2020 to October 5, 2020, Plaintiff was incapacitated and unable to work at Defendant because of her own serious health condition.

16. Plaintiff's absence from work at Defendant from approximately September 25, 2020 to October 5, 2020 because of her own serious health condition required at least two (2) appointments and treatment visits with her treating physician(s).

17. Plaintiff properly complied with Defendant's notice policies and practices regarding her absence from work at Defendant from approximately September 25, 2020 to October 5, 2020 because of her own serious health condition.

18. From approximately September 25, 2020 to October 5, 2020, Defendant knew or should have known that Plaintiff was off of work at it because of her own serious health condition.

19. From approximately September 25, 2020 to October 5, 2020, Defendant knew or should have known that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

20. Defendant did not provide Plaintiff with any paperwork or information regarding her eligibility for FMLA leave and/or her rights and responsibilities under the FMLA relating to her absence at Defendant from approximately September 25, 2020 to October 5, 2020 because of her own serious health condition.

21. Defendant did not offer Plaintiff FMLA leave for or to cover her absence at Defendant from approximately September 25, 2020 to October 5, 2020 because of her own serious health condition.

22. Plaintiff's absence from work at Defendant from approximately September 25, 2020 to October 5, 2020 because of her own serious health condition should have been FMLA-leave approved by Defendant.

23. Between approximately October 6, 2020 and October 27, 2020, Plaintiff was intermittently absent from work at Defendant because of her own serious health condition.

24. Between approximately October 6, 2020 and October 27, 2020, Plaintiff was intermittently absent from work at Defendant because she experienced COVID-19-related symptoms, was seeking a medical diagnosis of COVID-19, and/or was advised by her treating physician(s) to self-quarantine due to COVID-19-related concerns.

25. During Plaintiff's intermittent absences form work at Defendant between approximately October 6, 2020 and October 27, 2020, Plaintiff was unable to work remotely (or telework) at Defendant when self-quarantining due to COVID-19-related concerns.

26.

27. Plaintiff's intermittent absences from work at Defendant between approximately between October 6, 2020 and October 27, 2020 because of her own serious health condition required at least two (2) appointments and treatment visits with her treating physician(s).

28. Plaintiff properly complied with Defendant's notice policies and practices regarding her absences from work at Defendant between approximately between October 6, 2020 and October 27, 2020 because of her own serious health condition.

29. Between approximately between October 6, 2020 and October 27, 2020, Defendant received communication and/or correspondence from Plaintiff and/or on Plaintiff's behalf regarding the duration of her COVID-19-related leave, the reason or basis of the leave, her inability to work at Defendant because of the leave, and her return to work status at Defendant.

30. Between approximately between October 6, 2020 and October 27, 2020, Defendant knew or should have known that Plaintiff was intermittently off of work at it because of her own serious health condition.

31. Between approximately between October 6, 2020 and October 27, 2020, Defendant knew or should have known that Plaintiff was suffering from a serious health condition that could qualify for FMLA leave.

32. Between approximately between October 6, 2020 and October 27, 2020, Defendant did not provide Plaintiff with any paperwork or information regarding her eligibility for FMLA leave and/or her rights and responsibilities under the FMLA relating to her intermittent absences from work at Defendant because of her own serious health condition.

33. Between approximately between October 6, 2020 and October 27, 2020, Defendant did not offer Plaintiff FMLA leave for or to cover her absences from work at Defendant because of her own serious health condition.

34. Plaintiff's absences from work at Defendant between approximately between October 6, 2020 and October 27, 2020 because of her own serious health condition should have been FMLA-leave approved by Defendant.

35. On or about October 27, 2020, Defendant terminated Plaintiff's employment.

36. On or about October 27, 2020, Defendant terminated Plaintiff's employment because of Plaintiff's absences from work at Defendant in September 2020 and October 2020 and as identified herein.

37. Plaintiff's absences from work at Defendant in September 2020 and October 2020 as identified herein should have been FMLA-leave approved and/or covered by Defendant.

## CAUSE OF ACTION – FMLA INTERFERENCE

38. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

39. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

40. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 14th day of December, 2020

                            WALCHESKE & LUZI, LLC
                            Counsel for Plaintiff

                            **s/ *Scott S. Luzi*** _____
                            James A. Walcheske, State Bar No. 1065635
                            Scott S. Luzi, State Bar No. 1067405
                            Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com
E-Mail: mtobin@walcheskeluzi.com